**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5827

JEROME WILLIAM STONE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Chief District Judge.
(CR-94-80)

Argued: June 7, 1996

Decided: June 24, 1996

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Melissa Windham Friedman, Roanoke, Virginia, for
Appellant. Ray B. Fitzgerald, Jr., Assistant United States Attorney,
Charlottesville, Virginia, for Appellee. **ON BRIEF:** Anthony F.
Anderson, Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerome William Stone appeals his conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b), and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Stone alleged that his Sixth Amendment right to a speedy trial was violated, and sought dismissal of his indictment. The district court found that although Stone's constitutional rights had been violated, that violation did not warrant dismissal of the indictment. We affirm the result reached by the district court, albeit for different reasons.

I.

On June 4, 1994, the sheriff of Halifax County, Virginia arrested Stone for possession with intent to distribute cocaine base and possession of a firearm. Stone was then detained in the Halifax County jail. On June 17, a federal grand jury indicted Stone for the same offenses. On June 28, the state charges against Stone were dismissed, however, Stone was not notified of the dismissal. On June 11, Stone began serving his sentence for a prior state conviction for assault and battery and remained incarcerated in the county jail serving that sentence. On November 3, 1994, Stone completed his sentence for assault and battery, but was not released. While remaining imprisoned, Stone wrote an incriminating letter to the Halifax County sheriff's office, offering his assistance in apprehending some drug dealers. It was not until January 1995, when Stone's mother inquired about the state charges against him, that the state court clerk's office realized that Stone had no pending state charges. The state clerk contacted the federal marshals who, on January 20, transported Stone from the county jail to a federal facility in Roanoke, pursuant to his federal detainer.

On January 25, 1995, seven months after his federal indictment, Stone was arraigned before a federal magistrate. Shortly before his trial was scheduled to begin on April 4, 1995, Stone filed a pre-trial motion to dismiss his indictment on constitutional speedy trial grounds.* Stone's motion was denied, and he pleaded guilty on July 13, 1995; Stone now appeals the district court's denial of that motion.

There was a nine and one-half month delay between Stone's federal indictment and his scheduled trial date. However, because Stone was serving two state sentences during four and one-half months of that time, Stone spent only five months of unnecessary pre-trial incarceration as a result of the federal government's delay.

II.

The district court applied the four-prong test, set forth in Barker v. Wingo, 407 U.S. 514 (1972), to determine whether Stone's constitutional right to a speedy trial had been violated. Pursuant to Barker, the district court found that: (1) the nine and one-half month delay between Stone's indictment and trial was only slightly prejudicial but sufficient to trigger the speedy trial analysis, (2) the delay was caused by the government's negligence but was not the result of bad faith, (3) Stone's failure to request a speedy trial was offset by the government's failure to notify him of his right to a speedy trial, and (4) the actual prejudice suffered by Stone was slight.

The court concluded that although Stone's constitutional right to a speedy trial had been violated, dismissal of his indictment was not warranted in this case. The court determined that the more appropriate remedy was to suppress the incriminating letter Stone wrote while in the county jail and to release Stone on a $20,000 recognizance bond in place of the original $20,000 cash, surety or property bond.

We disagree with the district court's conclusion that Stone's constitutional right to a speedy trial was violated in this case. Given the rel-

_____

*Although Stone mentions the Speedy Trial Act in his brief, Brief of Appellant at 2, he neither raised the issue below, nor further pursued it in his appellate brief. Moreover, at oral argument, Stone's counsel specifically disavowed reliance on the statute.

atively short delay, the fact that only five months of that delay resulted in unnecessary pre-trial incarceration, and Stone's failure to demonstrate that the delay impaired his defense, there was no violation of Stone's right to a speedy trial. See, e.g., Barker, 407 U.S. at 533-34 (five year delay between arrest and trial and ten month pre-trial incarceration did not violate defendant's Sixth Amendment right to speedy trial absent serious prejudice); United States v. Thomas, 55 F.3d 144, 148-51 (4th Cir. 1995) (delay of over two years between arrest and indictment did not violate defendant's constitutional right to speedy trial absent showing of specific prejudice). We note that the district court's remedy, although not necessary, certainly dissipated even the minimal prejudice attendant to the short delay. In view of the fact that no constitutional speedy trial right was violated, the district court's refusal to dismiss the indictment was certainly not error.

The district court's judgment is hereby

AFFIRMED.

4